UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-80711-RS

PNC BANK, N.A.,

        Plaintiff,

vs.

FLORAL EMPORIUM, INC.,

        Defendant.

_____/

**REPORT AND RECOMMENDATION ON
AMENDED MOTION FOR ATTORNEY FEES [ECF No. 23]**

Plaintiff PNC Bank, N.A. ("PNC") asks for an award of $115,910.17, comprising $94,625.57 in unpaid principal, $14,848.01 in accrued interest, $414.59 in late costs, $5,471.00 in attorney's fees, and $551.00 in costs. [1] ECF No. 23.  I have reviewed PNC's Amended Motion for Attorneys' Fees, Expenses, and Costs and Incorporated Memorandum of Law (the "Amended Motion"). *Id.* For the following reasons, the Amended Motion should be **GRANTED in part** and **DENIED in part**.

I.      PROCEDURAL HISTORY

On June 5, 2025, PNC sued  Floral Emporium, Inc. ("Floral") and Lorie Vinci for Breach of Letter of Credit Agreement and Breach of Guaranty. ECF No. 1.

---

[1] PNC's request for unpaid principal, accrued interest, and late costs is moot. The Court's Order granting the Motion for Default Judgment resolved these fees. ECF Nos. 18, 19.

Ms. Vinci later filed for bankruptcy, so the claims against her are stayed. ECF Nos. 10, 11. A default and final default judgment have been entered against Floral. ECF Nos. 12, 13, 17, 19.

PNC filed an initial Verified Motion for Attorney's Fees, Expenses, and Costs and Incorporated Memorandum of Law ("Motion") that was referred to me. ECF Nos. 20, 21. I recommended that the Motion should be dismissed without prejudice because it did not comply with Local Rule 7.3 of the Southern District of Florida. ECF No. 22. PNC filed the Amended Motion, which has also been referred to me for a Report and Recommendation. ECF Nos. 23, 24.

## II.     LEGAL PRINCIPLES

### A. Burden

"A fee applicant 'bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. . . . [And fee counsel must supply] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate.'" *Aetna Grp. USA, Inc. v. AIDCO Int'l, Inc.*, 432 F. App'x 842, 842 (11th Cir. 2011) (per curiam) (citation omitted); *see also Davila v. Luxury Wood Floors Inc.*, No. 22-cv-80760, 2023 WL 8310975, at *2 (S.D. Fla. Sep. 29, 2023). "At a minimum, the party seeking attorney's fees must produce more than an affidavit from the attorney performing the work." *Aetna Grp. USA*, 432 F. App'x at 842.

"[W]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee . . . the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary

2

hearing." *Id*. at 842-43. But, when there are deficiencies in a fee application, the Court must give the applicant "an adequate opportunity to respond to the court's concerns regarding the fee application and to correct perceived inadequacies in that application before making its decision." *Id*. at 843 (citing *see NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)).

### B. Prevailing Party

Under the Federal Rules, prevailing parties are entitled to recover attorney fees and costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). The same "prevailing party" analysis applies whether the party is asking for attorneys' fees or costs. *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1377 (11th Cir. 2022). There is no prevailing party unless there has been a "material alteration of the legal relationship of the parties." *Tex. State Tchr. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989).

A plaintiff has materially altered the legal relationship between the parties if it "has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit.'" *Id*. at 792-93 (citation omitted) (bracket in original). A defendant prevails "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016); *see also Beach Blitz Co. v. City of Mia. Beach, Fla.*, 13 F.4th 1289, 1298-99 (11th Cir. 2021). A party who gets an enforceable judgment is a "prevailing party" because it "has received at least

some relief based upon the merits of a claim." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002).

### C. Attorney Fees

Federal Rule of Civil Procedure 54(d)(2) allows for recovery of attorneys' fees and costs by a prevailing party if permitted by statute or contract. *Cadence Bank v. Acropolis Marble & Granite, Corp.*, No, 25-cv-60889, 2025 WL 3091048, at *1 (July 21, 2025) ("Plaintiff brings its Motion to seek recovery of its attorney's fees under Fed. R. Civ. P. 54(d)(2) which 'creates a procedure but not a right to recover attorneys' fees.'").

> To entitle a party to its attorney's fees, Rule 54(d)(2) provides that the moving party must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award...[and] disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."

*Id.* (quoting *MRO Communs., Inc. v. AT&T Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999)).

When recoverable, attorney's fees are "properly calculated by multiplying the number of hours reasonably" spent on litigation by a reasonable hourly rate. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

### 1. Reasonable Hourly Rate

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 436 (quoting *Norman v. Housing Auth. of*

4

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *Id.* at 427.

In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). Ultimately, courts should assess "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (The court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.").

2. Reasonable Hours

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary

*irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See id.* at 428 (quoting *Norman*, 836 F.2d at 1301).

   *D. Rule 7.3*

   Local Rule 7.3 for the Southern District of Florida is for Attorney's Fees and Costs. S. D. Fla. Loc. R. 7.3(a). It requires a motion to "disclose the terms of any applicable fee agreement" and provide certain information about the billing attorneys. *Id.*

   As well, the Rule requires a party seeking taxable costs under 28 U.S.C. § 1920 to "fil[e] and serv[e] a bill of costs and supporting memorandum." *Id.* The Bill of Costs must "be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920. Expenses and costs that the party believes are recoverable although not identified in § 1920 shall be moved for as provided in paragraph 7.3(a)." *Id.* 7.3(c).

   "Compliance with Local Rule 7.3(c) is not optional." *CodeVentures, LLC v. Vital Motion, Inc.*, No. 20-CV-21574, 2021 WL 7598708, at *8 (S.D. Fla. Oct. 19, 2021), *report and recommendation adopted*, 2022 WL 845131 (S.D. Fla. Mar. 22, 2022), aff'd, 2023 WL 2644173 (11th Cir. Mar. 27, 2023). Non-compliance with Local Rule 7.3 is an "independently sufficient basis to deny" a motion. *J.B. Hunt Transp., Inc., v. S&D Transp., Inc.*, 589 F.App'x 930, 933 (11th Cir. 2014) (per curiam).

*E. Costs*

28 U.S.C. § 1920 sets out which costs may be taxed. As well, it states that "[a] bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920.

## III.    ANALYSIS

*A. Prevailing Party*

PNC is the prevailing party. Default judgment was entered against Floral, which altered the legal relationship between the parties. ECF No. 19.

*B. Attorney Fees*

PNC seeks $5,471.00 in attorney fees. ECF No. 23 at 5. These fees are recoverable under the loan documents between the parties. ECF No. 1-2 ¶18 ("We may hire or pay someone else to help us collect this account if you fail to pay in accordance with this Agreement. You agree to pay our collection costs (including, without limitation, the cost of in-house attorneys and staff), whether or not we hire anyone else to help us collect this account. This includes, subject to any limits under applicable law, our attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals and any anticipated post-judgment collection services. In addition to all other sums provided by law, you will also pay any court costs if not prohibited by applicable law.").

The requested fees were incurred through 20.10 hours worked by four timekeepers: Richard Aguilar (0.3 hours), Lauren Pultro (15.4 hours), Jessica Bowers (3.7 hours), and Vicki Owens (0.7 hours). ECF No. 23-1 ¶11. Ms. Pultro and Mr. Aguilar are attorneys; Ms. Bowers and Ms. Owens are paralegals. *Id.* at 1. PNC supported these hours with timecard records. *Id.* at 4-22. Based on the records provided, the timekeepers reviewed and sent emails, reviewed legal documents, finalized a demand letter, analyzed filings, and prepared motions, among other tasks. *Id.*

1.  Reasonable Hourly Rate

Ms. Pultro is a partner licensed to practice in Florida with almost ten years of experience. *Id.* ¶2. She bills at a standard hourly rate of $550.00. *Id.* ¶12. But, Ms. Pultro billed at $300.00 per hour in this matter until January 1, 2026; after that, she billed at $325 per hour. *Id.* Mr. Aguilar is a partner licensed to practice in Louisiana with forty years of experience, billing at a standard hourly rate of $680.00. *Id.* However, in this matter, he billed the same rates as Ms. Pultro. *Id.* Ms. Bowers has three years of experience and bills $325.00 per hour, but billed $165.00 in this matter. *Id.* She billed this rate until January 1, 2026, when she began billing at $185.00 per hour. *Id.* Ms. Owens has over twenty years of experience and billed same rates as Ms. Bowers. *Id.* ¶5, 12.[2]

---

[2] Ms. Pultro also provides the standard hourly rates for "Grewal" and "Norwood." ECF No. 23-1 ¶12. Neither of these individuals are listed on the timecard records, nor are their capacities, qualifications, or experience explained in the filing. *See* ECF Nos. 23, 23-1. To the extent that either of these people worked on this matter, PNC is not

After conducting an independent review of the hourly rates, I find that Ms. Pultro's and Mr. Aguilar's rates of $300.00 and $325.00 are reasonable compared to qualified lawyers in Palm Beach County. *See e.g. CityPlace Retail L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689, 2021 WL 3361172, at *6 (S.D. Fla. Jan. 12, 2021) (finding the rate of $400 per hour and $350 per hour to be reasonable for associates with at least 10 years and 5 years of experience, respectively). The attorneys are partners at their law firm with many years of experience. PNC also provided the affidavit of Arti Hirani confirming the reasonableness of these hourly rates. ECF No. 23-2 ¶10. I also considered the *Johnson* factors as well as what a reasonable, paying client would be willing to pay considering the subject of the litigation in 2026. In my experience, these hourly rates are consistent with the prevailing market rates in the Palm Beach County, reflect the experience of counsel, and are reasonable.

However, I find that the hourly rates for Ms. Owens and Ms. Bowers are unreasonably high. *See, e.g., In re Chiquita Brands Int', Inc. Alien Tort Statute and Shareholder Derivative Litigation*, No. 08-MD-01916, 2024 WL 4932671, at *7 (S.D. Fla. Oct. 15, 2024) (finding that a paralegal rate in excess of $150 per hour to be unreasonable), *report and recommendation adopted*, 2024 WL 4930609 (S.D. Fla. Dec. 2, 2024); *see also Cityplace Retail, L.L.C.,* 2021 WL 3361172, at *7 (finding that paralegals with "no information regarding experience level and qualifications in the

---

entitled to a fee award for their time because it has failed to support the request with their qualifications and experience, as required by Local Rule 7.3.

professional biographies" properly bill at $125 per hour, and paralegals "whose biographies describe a higher level of experience" reasonably bill between $125 to $150 per hour). Based on Ms. Owens's decades of experience, I find a hourly rate of $150 per hour to be reasonable, whereas $130 per hour is appropriate for Ms. Bowers based on her three years of experience.

2.  Reasonable Hours

The attorneys seek 15.7 hours totaling $4,695.00 in fees. *See* ECF No. 23-1 ¶¶11, 12. These hours consist of reviewing emails, drafting documents, and analyzing filings, among other actions. *Id.* at 4-22. Not all of these hours should be recoverable.

First, there are entries regarding email communications with redactions that make the entries vague and appear duplicative. *Id.* For example, with the redactions, multiple entries read, "Email with [redacted] regarding [redacted]." *Id.* at 8. Without this information, the time entries appear redundant. *Alicea v. Peter's Plumbing, Inc.*, No. 23-cv-60184, 2025 WL 3006051, at *4 (S.D. Fla. Oct. 15, 2025) (holding that entries with vague justification are not compensable). Absent further context, it is impossible for me to differentiate these entries. Therefore, these entries are not reasonable, nor should they be recoverable.[3]

---

[3]  To clarify, I do not find that all entries about email communications—even all entries with redactions about email communications—should not be recoverable. Some entries about email communications describe what was discussed in the communications; these entries should be recoverable to the extent that the emails describe different discussions.

Second, there are entries that appear duplicative and unnecessary based on the text of the entries. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1304 (S.D. Fla. 2015) ("The Court must eliminate these redundant and repetitive hours"). For example, there are two entries with nearly identical descriptions, "Draft motion for default against borrower."[4] *Id.* at 10. Without any substantive differentiation, the timekeepers appear to be performing the same work. It is PNC's burden to adequately substantiate its Amended Motion and it has not explained why these seemingly duplicative entries were both needed.

Third, there are time entries that relate to Ms. Vinci's case, which should not be recoverable in the exercise of good billing judgment. *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) (per curiam) (a "party should have excluded those hours that would be unreasonable to bill a client or opposing counsel without reference to skill, reputation or experience"). For example, there is an entry where a timekeeper, "Analyze[d] defendants' answer to complaint." ECF No. 23-1 at 10. However, default judgment was requested and has been granted against Floral for failing to "file a responsive pleading to the Complaint." ECF Nos. 17, 18. As Floral has not filed a responsive pleading, it could not have filed an answer that was then reviewed by a timekeeper. This entry must refer to Ms. Vinci and should not be recoverable. Similarly, PNC attributes the full cost of services that relate to Ms. Vinci

---

[4] The only difference in the two entries is that the word "judicial" is included in one entry before "default." ECF No. 23-1 at 10.

and Floral, entirely to Floral, such as the entries to "[d]raft complaint against obligors to be filed in Southern District of Florida" and "[e]mails with [redacted] regarding final revisions to complaint against obligors." ECF No. 23-1 at 9. PNC provides no explanation that this fee has already been reduced to account for time related to Ms. Vinci. Because this fee is not entirely attributed to Floral, Floral should not be required to repay the entire amount in the exercise of good billing judgment.

Therefore, I find that the recoverable fees from attorney work should be reduced by 15% to $3,990.75. The court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Katz*, 127 F. Supp. 3d at 1301-02. Accordingly, "trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Id.*

Ms. Bowers and Ms. Owens seek $776.00 in fees for 4.4 hours of work. ECF No. 23-1 at 4-22. After an adjustment for the reasonable hourly rate, they would get $586.00 for 4.4 hours of work. *Id.* The work consisted of reviewing case filings and emails, communicating with counsel, and drafting documents. *Id.* All of these hours should be recoverable.

### C. Costs

In my Report and Recommendation, I said that:

PNC does not fully explain or support its request for costs of the litigation. *Id.* at 4. First, it is not clear whether PNC is limiting itself only costs taxable under Section 1920 or whether it is seeking non-taxable costs under some other legal authority. Second, PNC did not

> include a Bill of Costs or supporting documentation as required by
> Section 1920 and Local Rule 7.3.

ECF No. 22 at 6-7. Ms. Pultro's Affidavit in the Amended Motion attempts to clarify these questions. However, the only instance when the Affidavit references PNC's costs is in a small table that says the $551.00 in requested fees consist of $405.00 in court fees and $146.00 in service of process fees. ECF No. 23-1 ¶15. The court fee is described as a "Court/Public Records fee" in their records. *Id.* at 4. The service of process fees are further separated in the timecard records with $73.00 each for service of Ms. Vinci and Floral.[5] *Id.* at 5.

But, this table is still non-compliant with Rule 7.3. The Local Rule requires a Bill of Costs to be submitted with the request for costs. The Bill of Costs should be filed on form AO 133, or a substantially similar form. S. D. Fla. Loc. R. 7.3 (c). A two by four table is not *substantially similar* to form AO 133. Form AO 133 says that the movant must "[a]ttach to your bill an itemization and documentation for requested costs in all categories" and it requires the movant to declare "that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Ms. Pultro's Affidavit does not meet these requirements.

---

[5] Once again, it is unclear why PNC believes that service of process for Ms. Vinci would be recoverable against Floral. The case against Ms. Vinci has been stayed due to bankruptcy, and default judgment as only been entered for Floral. ECF Nos. 10, 11, 19.

13

Further, the timecard filed by PNC is an itemization, not documentation, of the requested costs.[6] As well, an Affidavit of an attorney confirming the breakdown of costs is not a sufficient supporting memoranda. *I.T.N. Consolidators, Inc. v. N. Marine Underwriters, Ltd.*, No. 09-20762, 2016 U.S. Dist. LEXIS 90979, at *4-6 (S.D. Fla. July 13, 2016). Thus, PNC's costs should be denied.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT in part and DENY in part the Amended Motion. PNC should be able to recover $4,576.75.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodney Smith, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

---

[6] Other than the timecard separating the process server fees, the table does not provide tangibly more information than Ms. Pultro's Affidavit. *Compare see* ECF No. 23 at 4-5, *with* ECF No. 23-1 at 1-3.

14

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3rd day of June 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE